NORTH CAROLINA DEPARTMENT OF TRANSPORTATION v. DAVID C. BLEVINS

No. 59A09

(Filed 6 November 2009)

**Eminent Domain— highway condemnation—traffic median— language in COA opinion disavowed**

References in a highway condemnation action to the effect of the creation of a traffic median near the owner's property were de minimis and not prejudicial. However, language in the Court of Appeals opinion stating, "Evidence of the construction of the traffic median near [the owner's] property could have been considered in the context of the purpose and use of the taking as well as generally considered in determining whether the taking rendered [the owner's] property less valuable" is disavowed.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 194 N.C. App. ——, 670 S.E.2d 621 (2009), affirming a judgment entered on 17 September 2007 by

**DEPARTMENT OF TRANSP. v. BLEVINS**

[363 N.C. 649 (2009)]

Judge J. Marlene Hyatt in Superior Court, Haywood County, and dismissing defendant's cross-appeal from that judgment. Heard in the Supreme Court 9 September 2009.

*Roy Cooper, Attorney General, by Martin T. McCracken, Assistant Attorney General, for plaintiff-appellant.*

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Jones P. Byrd and Matthew W. Kitchens, for defendant-appellee.*

PER CURIAM.

As to the issue of whether the trial court abused its discretion by allowing evidence of the effect of the creation of a traffic median, which is an exercise of police power, we believe after reviewing the evidence presented at trial that the references were de minimis and thus not prejudicial. We affirm the decision of the Court of Appeals except that, in accordance with *Barnes v. North Carolina State Highway Commission*, 257 N.C. 507, 126 S.E.2d 732 (1962), we disavow the following language in the Court of Appeals opinion:

Evidence of the construction of the traffic median near Blevins' property could have been considered in the context of the purpose and use of the taking as well as generally considered in determining whether the taking rendered Blevins' property less valuable. *E.g., DOT v. M.M. Fowler, Inc.*, 361 N.C. 1, 14, 637 S.E.2d 885, 895 (2006) (a jury may consider the adverse effects of a condemnation on a business, not as a separate item of damage but rather a circumstance tending to show the diminution in the over-all fair market value of the property).

*DOT v. Blevins*, —— N.C. App. ——, ——, 670 S.E.2d 621, 625 (2009).

MODIFIED AND AFFIRMED.